UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JHOANY ADAME, JUSTIN RIVERA,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**THE INSTITUTE OF CULINARY EDUCATION, INC.**,<br><br>Defendant. | Case No. 1:25-cv-08479-MMG<br><br><br><br>**CLASS ACTION** |
| **ERIC MINGOTT,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE INSTITUTE OF CULINARY EDUCATION, INC.**,<br><br>Defendant. | Case No. 1:25-cv-08555<br><br><br><br>**CLASS ACTION** |
| **ELIZABETH COLLINS,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE INSTITUTE OF CULINARY EDUCATION, INC.**,<br><br>Defendant. | Case No. 1:25-cv-08623<br><br><br><br>**CLASS ACTION** |

## PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND
## TO APPOINT INTERIM CO-LEAD COUNSEL

Plaintiffs Jhoany Adame, Justin Rivera, Eric Mingott, and Elizabeth Collins (collectively, "Plaintiffs"), request that the above matters be related and consolidated and that *Adame, Rivera v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08479 be designated the lead case for these consolidated matters. Further, Plaintiffs also request that the Court appoint Gerald D. Wells, III of Lynch Carpenter, LLP, Brittany Resch of Strauss Borrelli PLLC, and Leanna A. Loginov of Shamis & Gentile, P.A. as interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g).

## ARGUMENT

### I.   CONSOLIDATION IS APPROPRIATE

The above three class action complaints have been filed in the U.S. District Court for the Southern District of New York against Defendant The Institute of Culinary Education, Inc. ("Defendant"). Each action seeks to hold Defendant responsible for an alleged data breach which occurred on or around May 5, 2025.

This Court has discretion to consolidate any matters involving common questions of law or fact. Fed. R. Civ. P. 42(a). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). "Consolidation is appropriate in order to serve the interests of 'judicial economy' and 'to avoid unnecessary costs or delay.'" *In re Facebook, Inc., IPO Securities & Derivative Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

The three cases to be consolidated arise from the same questions of law and fact—they

arise from the same event, involving alleged exposure of personal information maintained by Defendant, all three name The Institute of Culinary Education, Inc. as the defendant, and assert similar theories of Plaintiffs' and putative class members' entitlement to relief. Plaintiffs believe that consolidating the cases will serve the interests of convenience, judicial economy, and cost reductions, and will not risk prejudice to any party. In particular, consolidation will allow for coordinated motion and discovery practice as well as trial proceedings.

Plaintiffs request that the above matters be consolidated and that the matter titled *Adame, Rivera v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08479 be designated the lead case for these consolidated matters.

## II.  THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL

Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court under Rule 23(g)(3) of the Federal Rules of Civil Procedure for an Order appointing: (1) Gerald D. Wells, III of Lynch Carpenter, LLP ("Lynch Carpenter"), (2) Brittany Resch of Strauss Borrelli PLLC ("Strauss Borrelli"), and (3) Leanna A. Loginov of Shamis & Gentile, P.A. ("Shamis and Gentile") as Interim Co-Lead Counsel.

Together, the proposed Interim Co-Lead Counsel represent the combined experience, talents, and resources of recognized and successful data breach attorneys in the United States with a demonstrated commitment to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See* Manual for Complex Litigation § 10.21 (4th ed. 2004). Proposed Interim Co-Lead Counsel should be appointed based on their extensive knowledge, experience, and recognition in class action litigation, and specifically data breach litigation.

Collectively, Proposed Interim Co-Lead Counsel and their partners have led dozens of data

breach class actions, including dozens of class actions in New York and elsewhere. The group includes attorneys who have independently investigated and thoroughly analyzed the merits of the case prior to and since filing their own complaints. Together, proposed Interim Co-Lead Counsel can readily manage this important litigation and work towards a just, speedy, and efficient resolution in a cooperative manner with all plaintiffs' counsel as well as defense counsel, as they have done in numerous other cases.

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38 (Best Practice 3C) (2d ed. 2018) ("Duke Guidelines").[1] These factors all support Plaintiffs' proposed leadership structure for this consolidated case.

### A.     The Work Counsel Has Done.

Prior to filing their complaints, Proposed Interim Co-Lead Counsel each conducted their

---

[1] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

own thorough and independent investigation of the data breach that gave rise to this class action. These class actions arise out of Defendant's recent data breach ("Data Breach") resulting from Defendant's alleged failure to implement reasonable and industry standard data security practices. Counsel's independent complaints lay out the allegations as follows.

Plaintiffs and Class Members entrusted their personally identifiable information ("PII" or "Private Information") to Defendant with the understanding that Defendant would protect this data against disclosure. Defendant collected and maintained certain Private Information of Plaintiffs and putative Class Members because they are (or were) students or employees of Defendant.

On or about August 26, 2025, Defendant became aware that there was unauthorized access to Plaintiffs' personal Private Information in a database managed by Defendant. Upon information and belief, the Private Information included, but was not limited to, names, Social Security numbers, dates of birth, driver's license numbers and US alien registration numbers. The Private Information compromised in the Data Breach was exfiltrated by cyber-criminals and remains in the hands of those cyber-criminals who target Private Information for its high value to identity thieves and fraudsters.

As a result of the Data Breach, Plaintiffs and Class Members suffered concrete injuries in fact including, but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) lost benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; and (vii) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further

unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII.

Plaintiffs maintain that the Data Breach was a direct result of Defendant's failure to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect patients' Private Information from a foreseeable and preventable cyberattack. Plaintiffs further allege that Defendant maintained the Private Information in a reckless manner. In particular, the Private Information was maintained on Defendant's computer network and servers in a condition vulnerable to cyberattacks. Upon information and belief, the mechanism of the cyberattack and potential for improper disclosure of Plaintiffs' and Class Members' Private Information was a known risk to Defendant, and thus, Defendant was on notice that failing to take steps necessary to secure the Private Information from those risks left that property in a dangerous condition.

### B. Counsel's Experience and Knowledge

Proposed Interim Co-Lead Counsel have proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. Proposed Interim Co-Lead Counsel will work well together (important to a cohesive, effective team), but they are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, the Proposed Interim Co-Lead Counsel have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and deep expertise in New York law.

#### 1. Gerald D. Wells, III of Lynch Carpenter, LLP

Mr. Wells has been practicing law for nearly twenty-four years and is nationally recognized as a leader in the class action field. He has devoted his entire career to representing plaintiffs in putative class actions. He concentrates his practice on representing consumers in data breach and

privacy litigation, as well as employees in wage and hour and ERISA class action litigation. Based on his experience and success as a plaintiff's class action attorney, he has been asked to speak at numerous conferences on various topics ranging from ERISA fiduciary liability to wage and hour litigation. He recently joined the national class action firm Lynch Carpenter, LLP ("Lynch Carpenter" or the "Firm") to help lead the opening of its Philadelphia, Pennsylvania office.

Prior to joining Lynch Carpenter, Mr. Wells was a founding partner at Connolly Wells & Gray, LLP. There, he represented clients in numerous ERISA and wage and hour class/collective actions. *See, e.g., Gedek v. Perez, et al., (In Re Kodak ERISA Litig.)*, No. 6:12-cv-06051 (W.D.N.Y.) (served as co-lead counsel in ERISA action that resulted in a $9.7 million class settlement); *Koenig v. Primanti Corp. et al.*, No. 2:16-cv-01402 (W.D. Pa.) ($2.1 million settlement on behalf of class and collective action members for wage and hour violations); *Hellman v. CPI Corporation, et al.*, 4:12-cv-2177 (E.D. Mo), (obtained a $800,000 settlement in an ERISA class action, representing approximately twenty percent (20%) of the plan's total losses attributable to the diminution in value of the company stock). Mr. Wells has been appointed class counsel in numerous contested Rule 23 motions. *See, e.g., Wintjen v. Denny's, Inc., et al.*, No. 19-cv-00069 (W.D. Pa.); *Graham v. Famous Dave's of America*, No. 19-cv-00486 (D. Md.); *Casco v. Ponzios*, No. 16-cv-2084 (D. N. J.). He has also successfully argued at the appellate level. *See, e.g., Rafferty v. Denny's, Inc.*, 13 F.4th 1166 (11th Cir. 2021).

Additionally, while serving as lead trial counsel in a wage and hour jury trial, Mr. Wells helped achieve a jury verdict of more than $4.5 million in a class action alleging violations of Pennsylvania state wage and hour laws. *Verma v. 3001 Castor Inc.*, No. 13-cv-3034-ABB (E.D. Pa.). That verdict was subsequently sustained by the Third Circuit, 937 F. 3d 221 (3d Cir. 2019).

In 2025, Mr. Wells joined Lynch Carpenter, a national leader in data breach and privacy

class action litigation. The breadth and depth of Lynch Carpenter's experience and successful track record are detailed in the Firm's resume, which is attached hereto as **Exhibit A**.[2] Since joining the Firm, Mr. Wells has been appointed to several leadership positions in analogous data breach matters, including, but not limited to, *In re ConnectOnCall.com Data Breach Litig.,* No. 24-cv-08790 (E.D.N.Y.) (co-lead counsel); *Hudson et al. v. Pennsylvania State Ed. Assoc.,* No. 2025-cv-02411 (Ct. Cmn. Pleas. Dauphin Cnty.) (co-lead counsel); *In re Huntington Hospitality Financial Corporation Data Breach Litigation*, No. 25-cv-2083 (co-lead counsel); and *In re Radiology Associates of Richmond Data Breach Litigation*, No. 25-cv-518 (executive committee member). As interim co-lead counsel in this matter, Mr. Wells will bring to bear all of his extensive class action litigation experience, along with the significant resources of Lynch Carpenter, to prosecute this matter aggressively on behalf of the Plaintiffs and putative class.

### 2. Brittany Resch of Strauss Borrelli PLLC.

Brittany Resch is a partner in Strauss Borrelli's nationwide class action practice. She focuses on litigating complex class actions in state and federal courts—including disputes involving data breaches, false advertising, and consumer protection and privacy issues. Since 2022, Ms. Resch has served as an adjunct professor at the University of Minnesota Law School teaching a seminar on e-Discovery. Ms. Resch has substantial experience managing all aspects of

---

[2] Some of Lynch Carpenter's successes in data breach and privacy class actions include *In re Wawa, Inc. Data Sec. Litig.*, No. 2:19-cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel; final approval pending of settlement providing up to $37.5 million in monetary relief); *In re Home Depot Customer Data Sec. Breach Litig.*, No. 2583 (N.D. Ga.) (financial institution track; final approval of class settlement of $27 million); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 2800 (N.D. Ga.) (financial institution track; final approval of class settlement of $7.75 million plus injunctive relief); *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 2:16-cv-0506, (W.D. Pa.) (financial institution track; final approval of class settlement of $50 million); and *In re TikTok, Inc., Consumer Priv. Litig.*, No. 2948 (N.D. Ill.) (co-lead counsel; final approval of class settlement providing $92 million in monetary relief for the class).

discovery in the firm's complex class action matters. Ms. Resch has been a featured speaker on discovery, standing, data security, and privacy at The Sedona Conference Working Group 11 (on Data Security and Privacy) Midyear Meeting 2024, at Everlaw Summit 2024, and at numerous CLEs. Ms. Resch received her J.D. from the University of Minnesota Law School in 2015, after which she clerked for the Honorable Richard H. Kyle, Senior United States District Judge for the District of Minnesota. Ms. Resch was named one of the Attorneys of the Year in 2019 by Minnesota Lawyer for her work representing a *pro se* litigant in federal court through the District of Minnesota Federal Bar Association's Pro Se Project.

Ms. Resch has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as counsel on behalf of millions of data breach victims, including: *Grubb v. Alera Group Inc.,* Case No. 25-cv-5814 (N.D. Ill.) (appointed interim class counsel); *Robert Levin, et al v. Albany College of Pharmacy and Health Services*, Case No. 906277-25 (Albany County, NY) (appointed Interim Co-Lead Class Counsel); *Cook v. Legends International, LLC*, Case No. 25-cv-3374 (S.D.N.Y.) (appointed interim co-lead class counsel); *Lane v. Bunkhouse Management, LLC*, Case No. 25-607 (W.D. Tex.) (appointed interim class counsel); *Viverette v. Daedong-USA, Inc.*, Case No. 25-cv-277 (E.D.N.C.) (appointer interim co-lead counsel); *Devine v. Horizontal Integration, Inc.*, Case No. 24-cv-04555-JMB-DLM (D. Minn.); *Coen-Pesch v. RBA, Inc.*, Case No. 27-cv-24-17505 (Hennepin County, MN) (appointed settlement class counsel); *Lomedico, et al, v. MarineMax, Inc.*, Case No. 08-24-cv-01784 (M.D. Fla.) (appointed joint interim class counsel); *Adam Schroeder v. M.I. Industries, Inc. d/b/a Instinct Pet Food*, Case No. 25SL-CC02259 (St. Louis County Circuit Court) (appointed Settlement Class Counsel); *Ashley Anderson v. Self Esteem Brands, LLC d/b/a Purpose Brands*, Case No. 82-CV-25-643 (10th Jud. Dist., Wash. Cty. MN. 2025) (appointed Settlement Class

Counsel); *Pull, et al. v. Baer's Furniture Co., Inc.,* Case No. 2024-CA-003418-O (Orange County, Florida) (appointed Settlement Class Counsel); *Jolie Hamilton v. Virginia Center for Orthopaedics, P.C. d/b/a Atlantic Orthopaedic Specialists*, Case No. 2:24-cv-696 (E.D. Va.) (appointed Interim Co-Lead Counsel); *Maricle, et al. v. Southstate Bank N.A.*, Case No. 2024CA-002530-0000-00 (Polk County, Florida); *Hernandez v. Orthopaedics of Jackson Hole, P.C. d/b/a Teton Orthopaedics*, Case No. 2025-cv-0019244 (Teton County District Court, Wyo.); *In Re Hankins Plastic Surgery Associates, P. C. dba Hankins & Sohn Plastic Surgery Associates*, Case No. 2:23-cv-00824-RFB-DJA (D. Nev.); *McKittrick v. Allwell Behavioral Health Services*, Case No. CH-2022-0174 (Muskingum County, Ohio) (appointed class counsel for settlement purposes); *Rosario, et al. v. Baldor Specialty Foods, Inc.*, Case No. 23-cv-03580 (S.D.N.Y.) (appointed class counsel for settlement purposes); *Stern v. Academy Mortgage Corp.*, Case No. 2:24-cv-15-DBB (D. Utah); *Hall v. Centerspace, LP,* Case No. 22-cv-2028 (D. Minn.) (appointed Settlement Class Counsel); *Morrison v. Entrust Corp., et al.*, Case No. 23-cv- 415 (D. Minn.) (appointed Settlement Class Counsel); *Batchelor v. MacMillan, et al.*, Case No. 157072/2023 (New York County, NY) (appointed Settlement Class Counsel); *Tribbia, et al., v. Hanchett Paper Company*, Case No. 2022 CH 3677 (Cook County, IL); *Benedetto v. Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.); *Corra, et al. v. ACTS Retirement Services, Inc.*, No. 2:22-cv-02917 (E.D. Pa.); *Lamie, et al. v. LendingTree, LLC*, No. 3:22-cv- 00307 (W.D.N.C); and *In re Lincare Holdings Inc. Data Breach Litigation*, No. 8:22- cv-01472 (M.D. Fl.).

In addition to her robust data breach practice, Ms. Resch is also currently litigating a variety of consumer protection cases, including: *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.) (right of publicity); *Kellman et al. v. Spokeo*, 21-cv-08976 (N.D. Cal.) (right of publicity); *Batis v. Dun & Bradstreet Holdings, Inc.*, 22-cv-01924 (N.D. Cal.) (right of publicity); *Brahm et al. v.

*Hospital Sisters Health Systems, et al.*, Case No. 3:23-cv-444 (W.D. Wis.) (pixel); *Shah et al. v. Capital One Financial Corp.*, Case No. 24-cv-5985 (N.D. Cal.) (pixel); and *Mekhail et al. v. North Memorial Health Care*, Case No. 23-cv-440-KMM-DLM (D. Minn.) (pixel).

Additionally, Ms. Resch has substantial experience leading discovery teams in complex class action matters and working with class damages experts and class damages models in consumer protection cases. Brittany Resch and Strauss Borrelli are well-qualified to serve as Interim Co-Lead Class Counsel in this matter.[3]

### 3. Leanna A. Loginov of Shamis & Gentile, P.A.

Leanna A. Loginov is a Partner at Shamis & Gentile, P.A., where she concentrates her practice in the firm's data privacy and consumer protection litigation groups. See Ms. Loginov's firm resume attached hereto as **Exhibit C**. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating dozens of data breach class actions throughout the country. See e.g. *Montambeault, et al v. Concord Orthopaedics Professional Association*, Case No. 217-2025-cv-00292 (N.H. 2025) (appointed interim class counsel); *In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (appointed interim co-lead class counsel); *In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va. 2025) (appointed interim co-lead counsel); *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio); *Sankar v. California Northstate University, LLC*, Case No. 2:24-cv-00473 (E.D. Cal.); *In re Risas Holdings LLC and Risas Dental Management LLC Data Breach Litigation*, Case No. 2:24-cv-00789 (D. Ariz.); *Jimenez Jr. v. OE Federal Credit Union*, Case No. 4:24-cv-02746 (N.D. Cal.); *Springer v.*

---

[3] The firm resume of Strauss Borrelli is attached hereto as **Exhibit B**.

*Johnson and Wales University*, Case No. 1:24-cv-00399 (D.R.I).

In connection with litigating class cases in state and federal courts nationwide, Ms. Loginov has made it a point to become a permanent member of numerous bars to effectively represent those communities. Ms. Loginov is permanently admitted to practice law in the states of New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of New York, District of New Jersey, Northern and Central Districts of Illinois, and the Northern and Eastern Districts of Texas.

Beyond her personal expertise, Ms. Loginov brings the extensive experience of her firm, Shamis & Gentile. Shamis & Gentile is a well-established and successful law firm that can and will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they have demonstrated in previous data breach class actions. Shamis & Gentile has filed and successfully litigated thousands of banking, insurance, data privacy, deceptive and unfair trade practice and product liability class action cases, often through contested class certification and even until trial. As a result, Shamis & Gentile has successfully recovered over 1 billion dollars for consumers nationwide. The firm's resources are not merely financial but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class(es).

Shamis & Gentile understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Ms. Loginov has already demonstrated her commitment to this litigation by devoting substantial resources to prosecuting this action. Ms. Loginov has worked on numerous actions with counsel involved in the proposed consolidated action and is certain she will continue to successfully work with them on this case.

### C. Counsel's Resources

The resources that Proposed Interim Co-Lead Counsel have already committed and will continue to commit to the case also strongly supports the appointment of Proposed Interim Co-Lead Counsel. As demonstrated above, Proposed Interim Co-Lead Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Co-Lead Counsel's ability to draw from this well-developed repository of information will allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Co-Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the county. In fact, Proposed Interim Co-Lead Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to it and coordinating among themselves to file this leadership proposal and to consolidate the Related Actions. And, as their firm resumes and counsels' experience indicate, Proposed Interim Co-Lead Counsel have the resources and capacity to see this litigation through its conclusion, including trial.

If appointed as interim counsel, Proposed Interim Co-Lead Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the class.

### III. THE COURT SHOULD SET A SCHEDULE FOR THE FILING OF A CONSOLIDATED AMENDED COMPLAINT

Assuming the Court agrees that consolidation and appointment of Interim Co-Lead

Counsel is appropriate, the Court should also set a schedule allowing for the Plaintiffs to file a Consolidated Amended Complaint that can govern any consolidated proceedings. Plaintiffs would request twenty-eight (28) days from the entry of an Order consolidating the cases and appointing leadership to file a consolidated complaint.

## CONCLUSION

The Court should consolidate these cases. In light of the extensive experience of Proposed Interim Co-Lead Counsel's attorneys in prosecuting class actions and the resources they can and will devote to the effective litigation of this case on behalf of the class, the Court should appoint Mr. Wells, Ms. Resch, and Ms. Loginov as Interim Co-Lead Counsel for these proposed consolidated actions. The Court should also allow for the filing of a Consolidated Complaint twenty-eight (28) days after the order consolidating the actions and appointing an interim Co-Lead Counsel. A proposed Order is attached.

Dated: October 20, 2025

Respectfully Submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch (NY 5553854)
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
gary@lcllp.com

Gerald D. Wells, III*
**LYNCH CARPENTER, LLP**
1760 Market Street
Suite 600
Philadelphia, PA 19103
Office: 267.609.6910
Fax:    267.609.6955
jerry@lcllp.com

Brittany Resch*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
bresch@straussborrelli.com

Leanna A. Loginov (NY 5894753)
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Telephone: (305) 479-2299
lloginov@shamisgentile.com

\* *Pro Hac Vice* forthcoming

***Plaintiffs' Proposed Interim Co-Lead Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2025, a true and correct copy of the foregoing was served through electronic mail on all counsel of record.

*/s/ Gary F. Lynch*
Gary F. Lynch