UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JHOANY ADAME, JUSTIN RIVERA,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**THE INSTITUTE OF CULINARY EDUCATION, INC.,**<br><br>Defendant. | Case No. 1:25-cv-08479-MMG<br><br><br>**CLASS ACTION** |
| **ERIC MINGOTT,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE INSTITUTE OF CULINARY EDUCATION, INC.,**<br><br>Defendant. | Case No. 1:25-cv-08555<br><br><br>**CLASS ACTION** |
| **ELIZABETH COLLINS,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE INSTITUTE OF CULINARY EDUCATION, INC.,**<br><br>Defendant. | Case No. 1:25-cv-08623<br><br><br>**CLASS ACTION** |

## [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND TO APPOINT INTERIM CO-LEAD COUNSEL

THIS MATTER, comes before the Court by Plaintiffs in the above-captioned cases by their Motion, seeking to (1) consolidate the above-captioned Related Actions pursuant to Fed. R. Civ. P. 42(a) under the title *Adame, Rivera v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08479 and (2) appoint Gerald D. Wells, III of Lynch Carpenter, LLP ("Lynch Carpenter"), Brittany Resch of Strauss Borrelli PLLC ("Strauss Borrelli") and Leanna A. Loginov of Shamis & Gentile, P.A. ("Shamis & Gentile") as Interim Co-Lead Class Counsel, pursuant to Fed. R. Civ. P. 23(g)(3). Accordingly, the Court, having read the papers and for good cause shown, exercises its discretion pursuant to Federal Rule of Civil Procedure 42(a)(2) to consolidate these actions. **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. The following cases are hereby consolidated:

    A. *Adame, Rivera v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08479 (filed on October 14, 2025 by the law firm of Lynch Carpenter, LLP);

    B. *Mingott v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08555, No. 1:25-cv-08555 (filed on October 16, 2025 by the law firms of Strauss Borrelli PLLC and Schroder, Joseph & Associates, LLP); and

    C. *Collins v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08623 (filed on October 17, 2025 by the law firm of Shamis & Gentile, P.A.).

(collectively, the "Related Actions") under the new title: "*In re Institute of Culinary Education, Inc., Data Privacy Incident*" pursuant to Fed. R. Civ. P. 42(a) (the "Consolidated Action").

2. The Clerk of Court is DIRECTED to administratively close *Mingott v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08555 and *Collins v. The Institute of Culinary Education, Inc.*, No. 1:25-cv-08623. The Clerk of Court is FURTHER DIRECTED to transfer all documents already docketed in the Related Actions into the Consolidated Action.

1

3. All papers filed in the Consolidated Action shall be filed under the lead case number 1:25-cv-08479, the number assigned to the first-filed case, *Adame, Rivera*, and shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re Institute of Culinary Education, Inc., Data Privacy Incident* | Master File No. 1:25-cv-08479 |

4. The case file for the Consolidated Action will be maintained under Master File No. 1:25-cv-08479.

5. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

6. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Gerald D. Wells, III of Lynch Carpenter, LLP, Brittany Resch of Strauss Borrelli PLLC, and Leanna A. Loginov of Shamis & Gentile, P.A as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

2

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties;

- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

8. Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

9. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

10. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on

3

counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

11. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within twenty-eight (28) days of this Order.

12. This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

Dated: \_\_\_\_November 4\_\_\_\_, 2025

_____
HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

4